Filed 1/15/16  P. v. Kemp CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SAMUEL KEMP, JR.,<br><br>    Defendant and Appellant. | F069397<br><br>(Super. Ct. No. F11906349)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Levis[†] and James A. Kelley, Judges.[‡]

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

[†]Retired judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[‡]Judge Levis presided over defendant's change of plea hearing; Judge Kelley sentenced defendant.

## PROCEDURAL AND FACTUAL SUMMARY

Defendant Samuel Kemp, Jr., was charged in a felony criminal complaint filed on November 7, 2011, with failing to provide true registration information as a sex offender (Pen. Code, § 290.015, subd. (a)).[1]  The complaint alleged a prior serious felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On November 18, 2011, the trial court suspended criminal proceedings pursuant to section 1368 and appointed two psychologists, Drs. Harold Seymour and Robert Taylor, to evaluate defendant's competency to stand trial.  Dr. Seymour reported defendant suffered from schizophrenia and was unable to competently assist with his defense.  Dr. Taylor found defendant competent to stand trial.

On January 20, 2012, the trial court appointed Dr. Brianna Satterthwaite to evaluate defendant's competency.  Dr. Satterthwaite also found defendant was incompetent to stand trial.  The trial court found defendant incompetent to stand trial and ordered the suspension of criminal proceedings pending treatment for defendant.

Defendant was committed to Atascadero State Hospital on March 26, 2012, for treatment for restoration of competency.  On July 18, 2012, doctors at Atascadero State Hospital certified defendant was competent to stand trial pursuant to section 1372.  On August 30, 2012, defense counsel informed the court she had doubts concerning defendant's competency.  The trial court reappointed Dr. Seymour to examine defendant.  Dr. Seymour evaluated defendant and concluded he was competent to stand trial.  On October 30, 2012, the trial court found defendant competent to stand trial and reinstated criminal proceedings.

On October 3, 2013, the trial court granted defendant's request to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806.  The next day, however,

---

[1]Unless otherwise designated, further statutory references are to the Penal Code.

2.

the court expressed concern over defendant's competency, suspended criminal proceedings, and appointed Dr. Howard Terrell, a psychiatrist, to evaluate defendant.

Dr. Terrell diagnosed defendant with schizoaffective disorder, currently in remission without psychotropic medication. Dr. Terrell reported that although defendant was competent to stand trial, he was not competent to represent himself and recommended counsel be appointed for defendant. Dr. Terrell further expressed concern that given defendant's long medical history of psychosis, which involves auditory and visual hallucinations as well as paranoia and suicidal thoughts, there was an extremely high probability of defendant relapsing at any time into a psychotic and paranoid state without proper medications. The trial court found defendant, who was again represented by counsel, competent to stand trial and reinstated criminal proceedings on January 23, 2014.

On February 24, 2014, defendant, represented by counsel, entered into a plea agreement. He initialed and executed a felony advisement, waiver of rights, and plea form acknowledging and waiving his rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*). Defendant further acknowledged the consequences of his plea. Under the terms of the agreement, defendant admitted the allegation and the prior serious felony conviction and would receive a stipulated sentence of 16 months doubled to 32 months pursuant to the three strikes law.

At the change of plea hearing, the trial court verified defendant initialed and executed the plea form and agreed to the terms of the plea agreement. The court advised defendant, and took a waiver in court, of his *Boykin/Tahl* rights. The parties stipulated to a factual basis for the change of plea.[2] Defendant pled no contest to a violation of section

---

[2]According to the probation officer's report, defendant is required to register as a sex offender pursuant to section 290 because of a felony conviction for attempted rape in 1997. Defendant last registered on November 18, 2010. In March 2011, defendant was arrested and sent to state prison until he was released on May 31, 2011. Defendant was discharged from parole on June 3, 2011. Upon his release from prison, defendant failed to register according to

3.

290.015, subdivision (a) and admitted a prior serious felony conviction under the three strikes law.

On March 24, 2014, the trial court indicated it would impose the 32-month sentence in accordance with the plea agreement. The probation officer noted defendant's custody credits exceeded the court's indicated sentence. The court imposed a prison term of 32 months and granted actual custody credits of 811 days plus conduct credits of 404 days, for total presentence credits of 1,215 days. The court imposed a restitution fine of $1,800.[3] Miscellaneous other fines and fees were also imposed by the trial court. Defendant's request for a certificate of probable cause was denied.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

### APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court. By letter on February 23, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

---

the requirements of section 290. On November 3, 2011, police officers were dispatched to investigate a homeless man, defendant, who was arguing with a security guard. Officers ran a check of defendant and discovered he was subject to section 290 registration but had failed to do so in a timely manner after his release from prison.

[3]On January 15, 2015, after a request by appellate counsel, the trial court granted defendant an additional 62 days of custody credits for time he served in Atascadero State Hospital. Defendant's total credits are 1,277 days as reflected by the clerk's minutes and an amended abstract of judgment filed with this court.

## DISPOSITION

The judgment is affirmed.